UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| COMMUNITY HEALTH CENTERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OXFORD GLOBAL RESOURCES, LLC, <br><br> Defendant. | Case No. <br> 6:24-cv-1482-RMN |

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss (Dkt. 15), filed October 3, 2024 ("Motion"). Plaintiff opposes the Motion. Dkt. 21. Based on the arguments raised in the Motion and response, the Court directed the parties to submit supplemental briefs. Dkts. 29, 30. For the reasons discussed below, the Motion is due to be granted in part.[1]

### I. BACKGROUND

In this copyright action, Plaintiff Community Health Centers, Inc. sues Defendant Oxford Global Resources, LLC for using a

---

[1] Upon the parties' consent, this case was referred to a magistrate judge to conduct all proceedings and order entry of a final judgment pursuant to 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73. Dkts. 23, 24.

website that allegedly infringes "protected elements of [Plaintiff's] copyrighted and propriety website." Dkt. 1 ("Comp.") ¶ 8; *see also id.* ¶¶ 9–10, 14–15. Plaintiff asserts contributory and vicarious copyright infringement claims, as well as two claims alleging violations of the Digital Millennium Copyright Act ("DMCA"). *Id.* ¶¶ 41–45 (Count I), 46–51 (Count II), 52–58 (Count III), 59–64 (Count IV).

Defendant moves to dismiss the Complaint for lack of personal jurisdiction. Dkt. 15. The Motion is ripe for adjudication.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move to dismiss a complaint for lack of personal jurisdiction. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). Once the defendant has presented sufficient evidence, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id.* If the parties' evidence conflicts, a court must resolve inconsistencies in favor of the plaintiff. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990).

## III. ANALYSIS

Because the parties appear to assume all of Plaintiff's claims stand or fall together, the Court considers only whether there is

personal jurisdiction over Plaintiff's contributory infringement claim.[2] "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons[,]" *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (alterations added; citing Fed. R. Civ. P. 4(k)(1)(A)), and so a federal court sitting in Florida may properly exercise personal jurisdiction over a nonresident defendant only if the requirements of (1) Florida's long-arm statute and (2) the Due Process Clause of the United States Constitution are both satisfied, *see Posner v. Essex Ins.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (citation omitted); *see also Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989) ("The mere proof of any one of the several circumstances enumerated in section 48.193 as the basis for obtaining jurisdiction

---

[2] Most courts require a claim-by-claim analysis to the extent that a case is based on specific jurisdiction. *See, e.g.*, *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020); *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 380 (3d Cir. 2022); *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 83 (2d Cir. 2018); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006); *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004); *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001); *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 289 (1st Cir. 1999). The Eleventh Circuit (in its current form or as the former Fifth Circuit) does not appear to have considered this issue. *Cf. Phillips Exeter Acad.*, 196 F.3d at 289 (noting the issue is one of first impression). As a practical matter, it does not seem prejudicial to consider similar claims (that is, those based in tort, contract, and so on) together when they are based on the same conduct and require similar or overlapping proof. *See, e.g.*, *Rothenberg v. FedEx Corp.*, No. 3:23-cv-93, 2023 WL 4352467, at *6 (M.D. Fla. July 5, 2023) (analyzing the specific personal jurisdiction for claims based on the same conduct together). Doing so is also a judicious use of the Court's and the parties' resources.

of nonresidents does not automatically satisfy the due process requirement of minimum contacts."). The Court first considers the requirements of the long-arm statute, then those of the Due Process Clause, and finally addresses Defendant's request to dismiss this case with prejudice.

### A. Florida's Long-Arm Statute

Florida's long-arm statute provides two kinds of personal jurisdiction over a nonresident defendant: specific jurisdiction and general jurisdiction.[3] *See* Fla. Stat. §§ 48.193(1)–(2). In its Complaint, Plaintiff alleges that Defendant may be haled into court in Florida based on two provisions of the state's long-arm statute that provide specific personal jurisdiction. *See* Comp. ¶¶ 5–7. Under Section 48.193(1)(a)(2) of the Florida Statutes, a court may exercise specific personal jurisdiction over a nonresident defendant for any cause of action arising from "a tortious act" committed within Florida. Fla. Stat. § 48.193(1)(a)(2); *see also Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 790 (11th Cir. 2017) (quoting *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203–04 (11th Cir. 2015)).

---

[3] The scope of Florida's long-arm statute is a question of state law. *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Section 48.193(1)(a) lists acts that subject a defendant to specific jurisdiction. *Carmouche*, 789 F.3d at 1204. Plaintiff does not allege Defendant is subject to general personal jurisdiction under Florida's long-arm statute in its Complaint, so the Court will not consider the applicability of that part of the long-arm statute. *See Dorman v. Aronofsky*, 36 F.4th 1306, 1317 (11th Cir. 2022) ("[F]acts contained in a motion or brief 'cannot substitute for missing allegations in the complaint.'") (quoting *EEOC v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1030 n.5 (11th Cir. 2016)).

The tortious conduct provision of Florida's long-arm statute applies to copyright infringement claims. *Network Prods.*, 902 F.2d at 856; *see also Foreign Imported Prods. & Pub., Inc. v. Grupo Indus. Hotelero, S.A.*, No. 1:07-cv-22066, 2008 WL 4724495, at *5 (S.D. Fla. Oct. 24, 2008) (collecting cases). Tortious acts that fall within this provision include acts committed in Florida that cause injury in Florida and "foreign tortious act[s]" causing injury in Florida. *Network Prods.*, 902 F.2d at 856 (quoting *Rebozo v. Washington Post Co.*, 515 F.2d 1208, 1212 (5th Cir. 1975)).

Plaintiff alleges the infringing website was distributed to and accessible from Florida. Comp. ¶ 38. It also alleges facts that, if true, suggest Defendant knowingly caused or materially contributed to Family Health Services' infringement. *See id.* ¶¶ 9 (alleging Defendant agreed to provide website development services to Family Health Services), 10 (alleging Defendant hired a third-party developer), 37 (alleging infringing website incorporated code from Plaintiff's copyrighted work), 39 (alleging Defendant replaced the copyright notice from Plaintiff's copyrighted work), 44 (alleging Defendant knew or reasonably should have known the website it developed was a "copycat").

Despite these allegations, Defendant argues that there is no personal jurisdiction here because it did not publish or distribute the allegedly infringing website.[4] Dkt. 15 at 6–7. Plaintiff points out in

---

[4] This argument focuses on whether Plaintiff has stated a prima facie case for specific personal jurisdiction in the Complaint. *See* Dkt. 30 at 3 (reiterating that "allegations of the Complaint fail to satisfy Plaintiff's initial, *prima facie*, burden of sufficiently pleading a basis for general or specific personal jurisdiction over Oxford"). Defendant

response, however, that it has brought, among other things, a claim of contributory infringement, which can be based on the actions of others. Dkt. 21 at 9–10.

Plaintiff has the better argument. Plaintiff has alleged facts that, if taken as true, demonstrate Defendant materially contributed to Family Health Services' infringement. *See, e.g.*, *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987) (stating the elements for contributory copyright infringement). Though Defendant did not publish the allegedly infringing website, Plaintiff alleges Defendant was responsible for developing it. That is a tortious act, albeit one that occurred outside of Florida.

The location of the tortious act is not dispositive under Florida's long-arm statute for at least two reasons. First, the situs of the injury caused by copyright infringement is generally understood to be the state where the copyright owner resides. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755, 2012 WL 2952452, at *5 (M.D. Fla. July 19, 2012) (citing *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008)). Acts of contributory infringement performed outside Florida therefore cause injury in Florida if the copyright owner resides in the state. Such injury is sufficient to establish specific personal jurisdiction under Florida law. *See Network Prods.*, 902 F.2d at 856; *see also Foreign Imported Prods. & Pub., Inc. v. Grupo Indus. Hotelero, S.A.*, No. 1:07-cv-22066, 2008 WL 4724495, at *5 (S.D. Fla. Oct. 24, 2008) (collecting cases).

does not challenge here the allegations that the website it developed for Family Health Services was allegedly a copycat of the copyrighted work.

Second, when a defendant's tortious conduct relates to a website, the operative inquiry under Florida's long-arm statute is (in most circumstances) whether the website is accessed from Florida. *See Del Valle v. Trivago GMBH*, 56 F. 4th 1265, 1272 (11th Cir. 2022). In *Del Valle*, the Eleventh Circuit applied the tortious conduct provision of the Florida long-arm statute to a website-based Helms-Burton Act claim. *Id.* at 1270–71. There, the Eleventh Circuit found the statute satisfied when the defendants "allegedly trafficked in the confiscated properties by profiting from web traffic generated by Florida residents' interest in the Resorts," as well as Florida residents' reservations through their websites. *Del Valle*, 56 F. 4th at 1274. The Eleventh Circuit explained that "[i]t is the Florida residents' booking of accommodations at the Resorts through the websites—the material communicated 'into' Florida—that" was the basis of the plaintiffs' claims and satisfied the long-arm statute. *Id.* (citing *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201 (Fla. 2010), and *Wendt v. Horowitz*, 822 So. 2d 1252 (Fla. 2002)). In other words, foreign tortious conduct associated with websites is committed in Florida under section 48.193(1)(a)(2) if the websites are accessible in Florida. *Id.*; *see also Maria Dolores Canto Marti v. Iberostar Hoteles y Apartamentos S.L.*, No. 1:20-cv-20078, 2025 WL 253991, at *6 (S.D. Fla. Jan. 21, 2025) (concluding, under Florida law as interpreted in *Del Valle*, the relevant inquiry under the tortious conduct provision of Florida's long-arm statute is whether a website was "accessed in Florida").

The factual allegations in the Complaint contend that Defendant was engaged by Family Health Services to develop a

website. The website was allegedly created by copying Plaintiff's website, thereby infringing certain copyrights. Family Health Services published the website. Even if the Court credits Defendant's statements that the development project was initiated outside of Florida, the development work was performed outside of Florida, and the website was published outside of Florida, Defendant's out-of-state conduct materially contributed to Family Health Services' publication of the website in Florida. This is sufficient for a contributory infringement claim under the Eleventh Circuit's interpretation of Florida's long-arm statute.

In short, the factual allegations are sufficient to support a contributory infringement claim that fulfills the requirements for specific personal jurisdiction over Defendant under Florida's long-arm statute.

## B. Due Process

The Court must also consider if there are sufficient minimum contacts to satisfy the Due Process Clause of the Fourteenth Amendment. *Network Prods.*, 902 F.2d at 855 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This analysis varies depending on whether the personal jurisdiction asserted is specific or general. *Consol. Dev. Corp. v. Sherritt*, 216 F.3d 1286, 1291 (11th Cir. 2000).

In specific personal jurisdiction cases, courts apply a three-part test, examining (1) whether the claims "arise out of or relate to" at least one of the defendant's contacts with the forum, (2) whether the nonresident defendant "purposefully availed" itself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws, and (3) whether the

exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (citing, among other cases, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). A plaintiff bears the burden of establishing the first two prongs. *Id.* (citing *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010)). Once a plaintiff does this, a defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice. *Id.*

The Supreme Court has stated that specific jurisdiction "covers defendants less intimately connected with a State," than general jurisdiction "but only as to a narrower class of claims." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021).[5] It has explained the due process analysis for specific jurisdiction flows from "two sets of values—treating defendants fairly and protecting interstate federalism"—and based on "an idea of reciprocity between a defendant and a State." *Id.* at 360 (internal quotations and citations omitted). "When (but only when) a company exercises the privilege of conducting activities within a state—thus enjoying the benefits and protection of its laws—the State may hold the company to account for related misconduct." *Id.* (cleaned up). The analysis also provides defendants with fair

---

[5] In the briefing, the parties do not cite or discuss *Ford Motor Company*, although it is the most recent decision from the Supreme Court. The oversight is understandable, however, considering the Supreme Court expressly disclaimed consideration of "internet transactions" in that case. *Ford Motor Co.*, 592 U.S. at 366 n.4.

warning, that is, knowledge that a particular activity may subject them to the reach of a foreign sovereign. *Id.*

There are two aspects to the requirement that a suit arise out of or relate to a defendant's contact with the forum. *Ford Motor Co.*, 592 U.S. at 362. "The first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." *Id.* But with apologies to Cole Porter, that "does not mean anything goes." *Id.* The phrase "relate to" imposes real limits. *Id.*

There are no allegations in the Complaint that Defendant copied Plaintiff's website in Florida, offered its services in Florida, or performed work in Florida. Rather, the only allegations about Defendant's conduct in Florida relate to its use of a satellite office in South Florida and that Defendant is registered to do business in Florida. Comp. ¶¶ 16–20. Plaintiff suggests that the satellite office is used by Defendant for recruiting or related functions. *See id.*

Defendant responds by offering a declaration by a senior vice president. Dkt. 15-1. There, Defendant confirms it was hired to develop the allegedly infringing website. *Id.* ¶ 6. Defendant states that the employee who coordinated the project was not in Florida, the employee who performed the work was not in Florida, and none of its employees who live or work in Florida contributed to the project.[6] *Id.* ¶¶ 7–9.

---

[6] The Court provided Plaintiff with an opportunity to rebut Defendant's evidence, Dkt. 26 (endorsed order), but Plaintiff choose to offer more argument instead, Dkt. 29.

On this record, the Court finds that Plaintiff has not established its claims arise out of Defendant's conduct in Florida. There appear to be no causal relationship between the recruiting efforts alleged in the Complaint and Defendant's alleged tortious conduct.

Nor has Plaintiff established that its claims relate to Defendant's conduct in Florida or that Defendant purposefully availed itself there such that it has fair warning of being haled into court. The record about Defendant's activities in Florida is sparse. The parties present only information about the satellite office employees serving as recruiters and that the work on the website was not performed in Florida. Because there is no other information about Defendant's operations in Florida, the employees who live and work in Florida, or the services that it offers in Florida, Plaintiff have not shown that the claims relate to Defendant's work in Florida or that Defendant purposefully availed itself of the benefit of Florida's laws.[7]

### C. Defendant's Request to Dismiss with Prejudice

In its Motion, Defendant asks the Court to dismiss this case with prejudice. Dkt. 15 at 10. In response, Plaintiff asks the Court to permit it limited discovery on personal jurisdiction under Federal Rule of Civil Procedure 12(i). Dkt. 21 at 1.

---

[7] The Court acknowledges that Plaintiff contends it has satisfied the "purposefully availed" prong using the effects test. The Court need not address that contention given that it will provide Plaintiff with leave to file an amended complaint.

- 11 -

The Court will not grant either request. Plaintiff has not established personal jurisdiction on this record, but the record before the Court is thin. It is conceivable Plaintiff could establish personal jurisdiction here, especially because Defendant appears to conduct at least part of its operations from a Florida satellite office. A dismissal with prejudice is thus unwarranted.

As for discovery, Plaintiff represents that it has propounded discovery requests that bear on the issue of personal jurisdiction. It therefore does not need to undertake jurisdictional discovery under Rule 12(i). The Court will grant Plaintiff leave to file an amended complaint that contains factual allegations sufficient to show general or specific personal jurisdiction for each of its claims. The parties shall complete any discovery that they believe is necessary to address these issues forthwith.

### IV.  CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. Defendant's Motion to Dismiss (Dkt. 15) is **GRANTED IN PART and DENIED IN PART**;

2. The Complaint (Dkt. 1) is **dismissed without prejudice**;

3. Plaintiff may file an amended complaint on or before February 28, 2025; and

4. If Plaintiff does not file an amended complaint by that date, this case will be dismissed without prejudice and without further notice.

**DONE** and **ORDERED** in Orlando, Florida, on February 6, 2025.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:
Counsel of Record